COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION NO.: 12-4490 G

DAVID LAVITMAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., TRAVIS KALANICK, and RYAN GRAVES,

Defendants.



## CLASS ACTION COMPLAINT AND JURY DEMAND

I. **INTRODUCTION**

1. This is a class action for the defendants' unlawful retention, receipt, and failure to distribute the proceeds of gratuities collected from customers for livery services provided by plaintiff and other similarly situated drivers in violation of M.G.L. c. 149, §152A. Plaintiff alleges that the defendants are also liable under Massachusetts common law for unjust enrichment, quantum meruit, tortious interference with contractual and/or advantageous relations, and breach of contract.

2. In this action, the plaintiff now seeks payment for all compensation, including all gratuities, not properly remitted to him and the proposed class. Plaintiff also seeks statutory trebling of damages, attorneys' fees and costs, and pre- and post-judgment interest, all as provided for by law.

## II. PARTIES

3. Plaintiff David Lavitman is an adult resident of Milton, Massachusetts. Since October 15, 2012, Mr. Lavitman has worked as a taxi driver for Defendants and has been a "service employee" within the meaning of M.G.L. ch. 149, §152A. Mr. Lavitman has not received the total proceeds of all gratuities to which he is entitled, and Defendants have unlawfully collected and/or retained portions of such gratuities, in violation of M.G.L. ch. 149, §152A.

4. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated; namely all other parties who have provided services as livery drivers on behalf of Defendants and have not received all gratuities and other compensation to which they are entitled.

5. Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California, with operations in Massachusetts.

6. Defendant Travis Kalanick at all relevant times has been an individual resident of California and the President and a Director of Uber. Mr. Kalanick is responsible for the pay practices and gratuity distribution practices of Uber in Massachusetts. Mr. Kalanick is liable for the violations alleged in this case.

7. Defendant Ryan Graves at all relevant times has been an individual resident of California and the Vice President and a Director of Uber. Mr. Graves is responsible for the pay practices and gratuity distribution practices of Uber in Massachusetts. Mr. Graves is liable for the violations alleged in this case.

## III. STATEMENT OF FACTS

8. Uber provides livery services in Massachusetts via an on demand dispatch system.

9. Specifically, Uber offers customers the ability to receive transportation by a driver on a cellular phone application.

10. Uber's website advertises that "Uber is your on-demand private driver."

11. Customers typically are transported in taxis which look more like a standard "black car" limousine but which are dispatched on demand (through the phone application) like taxi cabs.

12. Uber charges customers a gratuity for the services of the drivers.

13. The drivers do not receive the total proceeds of this gratuity.

14. Instead, Uber retains a portion of the gratuity for itself.

15. For example, Uber informs customers that "[a] 20% gratuity is automatically added for the driver," but Uber in fact retains for itself as much as 50% of that gratuity and distributes the remainder (reduced by the amount retained by Uber) to the driver.

16. As a result of Uber's conduct and actions in not remitting the total proceeds of gratuities advertised and billed to customers for services provided to them by the named plaintiff and other class members, the named plaintiff and other class members have been deprived of payments to which they were and still are lawfully entitled.

## IV. CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of himself and the class, defined as: all persons who have provided services as livery drivers for Uber customers since December 10, 2012, and who have not received all gratuities and other compensation to which they are entitled.

18. Plaintiff and other class members were uniformly deprived of gratuities paid to and retained by Uber.

19. Plaintiff believes that there are over forty members of the class described above, although the exact number and the identities of the members of the class are currently unknown to plaintiff but can be readily ascertained from the books and records of Defendants.

20. The members of the class are so numerous that joinder of all class members is impracticable.

21. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether Defendants have charged customers a gratuity for class members' services;

    b. Whether Defendants violated M.G.L. 149, §152A in failing to distribute the total proceeds of those gratuities to the class members; and

    c. Whether the members of the class have sustained damages as a result of this violation.

22. The named plaintiff is a member of the class who suffered damages as a result of Defendants' conduct and actions alleged herein.

23. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

24. The named plaintiff will fairly and adequately represent and protect the interests of the class. The named plaintiff has retained able counsel experienced in class action litigation. The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

25. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the Plaintiff filed his statutory claims with the Office of the Attorney General and has received a right to sue letter in order to proceed on these claims in court.

### COUNT I
### (M.G.L. ch. 149, §152A)

Defendants' conduct, as set forth above, violates M.G.L. ch. 149, §152A. This claim is brought pursuant to M.G.L. ch. 149, §150.

## COUNT II
### (Tortious Interference with Contractual and/or Advantageous Relations)

Defendants' conduct, as set forth above, in failing to remit the total proceeds of gratuities to the drivers constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and the customers, under state common law.

## COUNT III
### (Unjust Enrichment/*Quantum Meruit*)

Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers, in violation of state common law. Plaintiff and the class are entitled to restitution for their full share of the proceeds of these gratuities under the state common law doctrine of *quantum meruit*.

## COUNT IV
### (Breach of Contract)

Defendants' conduct, as set forth above, constitutes breach of contract under state common law. Defendants have an implied contract with the drivers to remit to them the total proceeds of all gratuities. Additionally, the drivers are third-party beneficiaries of the contractual relationship between Defendants and the customers, pursuant to which the customers pay the gratuity for the benefit of the drivers.

WHEREFORE, plaintiff, individually, and on behalf of the class requests that this Court enter the following relief:

a. Certification of this case as a class action pursuant to Massachusetts Rule of Civil Procedure 23 and M.G.L. ch. 149, §150;

b. Payment of all gratuities not distributed to the named plaintiff and class members, in violation of M.G.L. ch. 149, §152A;

c. Mandatory treble damages pursuant to M.G.L. ch. 149, §150;

d. Statutory pre- and post-judgment interest at the rate of 12 per cent per annum;

e. Attorneys' fees and costs; and

f. Any other relief to which plaintiffs may be entitled.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

Respectfully submitted,

DAVID LAVITMAN, individually and on behalf of all others similarly situated,

By their attorneys,

_____
Edward L. Manchur, BBO#316910
Knudsen, Burbridge & Manchur, P.C.
401 Edgewater Place, Suite 140
Wakefield, MA 01880
781-246-3030
781-246-3050 (fax)
elm@kbmlawfirm.com


Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
(617) 994-5801 (fax)
Email: sliss@llrlaw.com;
hschwab@llrlaw.com

Dated:      December 12, 2012

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: SALLE UYOO (GENERAL COUNSEL)
UBER TECHNOLOGIES, INC.
405 HOWARD STREET
SUITE 550
SAN FRANCISCO, CA 94105

SOP Transmittal # **MA24171**

(888) 617-4545 - Telephone

Entity Served: UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MASSACHUSETTS on this 28 day of December, 2012. The following is a summary of the document(s) received:

1. **Title of Action:** David Lavitman et al. v. Uber Technologies, Inc. et al.

2. **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint, Demand for Jury Trial

3. **Court of Jurisdiction/** Suffolk County Superior Court
   **Case & Docket Number:** 12-4490

4. **Amount Claimed, if any:**

5. **Method of Service** (select one):
   X Personally served by:   __ Process Server   X Deputy Sheriff   __ U.S Marshall
   __ Delivered Via:   __ Certified Mail   __ Regular Mail   __ Facsimile
   (Envelope enclosed)   (Envelope enclosed)
   __ Other (Explain):

6. **Date and Time of Receipt:** 12/28/2012 3:44:56 PM EST (GMT -5)

7. **Appearance/Answer Date:** 20 Days

8. **Received From:** Edward L. Manchur, Esq.
   (Name, Address & Telephone Number) Knudsen, Burbridge & Manchur, P.C.
   401 Edgewater Place
   Suite 140
   Wakefield, MA 01880
   781-246-3030

9. **Federal Express Airbill #** 794410507790

10. **Call Made to:** Not Required

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**   **Copies To:**

Transmitted by Lisa Mogan

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: SALLE UYOO (GENERAL COUNSEL)
UBER TECHNOLOGIES, INC.
405 HOWARD STREET
SUITE 550
SAN FRANCISCO, CA 94105

SOP Transmittal # **MA24192**

(888) 617-4545 - Telephone

Entity Served: UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MASSACHUSETTS on this 14 day of January, 2013. The following is a summary of the document(s) received:

1. **Title of Action:** Lavitman vs. Uber Technologies, Inc., et al.

2. **Document(s) served:** Other: Letter; Scheduling Order for F Track

3. **Court of Jurisdiction/ Case & Docket Number:** Suffolk Superior Court
SUCV2012-04490-G

4. **Amount Claimed, if any:**

5. **Method of Service (select one):**
   __ Personally served by: __ Process Server   __ Deputy Sheriff   __ U.S Marshall
   **X** Delivered Via:    __ Certified Mail   **X** Regular Mail   __ Facsimile
                          (Envelope enclosed)   (Envelope enclosed)
   __ Other (Explain):

6. **Date and Time of Receipt:** 1/14/2013 2:53:33 PM EST (GMT -5)

7. **Appearance/Answer Date:** March 13, 2013

8. **Received From:** Edward L. Manchur
   (Name, Address & Telephone Number) Knudsen BUrbridge & Manchur, PC
   401 Edgewater Place
   Suite 140
   Wakefield, MA 01880
   781-246-3030

9. **Federal Express Airbill #** 794511624280

10. **Call Made to:** Not Required

11. **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.          Copies To:

Transmitted by Andy Humphrey

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 12-4490

David Lavitman, individually and on behalf of all others similarly situated, Plaintiff(s)

v.

Uber Technologies, Inc., Travis Kalanick, and Ryan Graves, Defendant(s)

## SUMMONS

Uber Technologies, Inc., c/o Registered Agent
National Registered Agents, Inc.
303 Congress Street, 2nd Floor, Boston, MA 02210

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan and Hillary Schwab, Lichten & Liss-Riordan, P.C. and Edward Manchur, Kundsen, Burbridge & Manchur, P.C. plaintiff's attorney, whose address is 100 Cambridge St., 20th Fl, Boston,, MA 02114 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the Twentieth day of December, in the year of our Lord two thousand Twelve.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

A true copy Attest:
12 28 12
Deputy Sheriff Suffolk County

FORM CIV.P. 1 3rd Rev. 20M-10/11

# Commonwealth of Massachusetts

SUFFOLK, ss.    SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 12-4490

David Lavitman, individually and on behalf of all others similarly situated, Plaintiff(s)

v.

Uber Technologies, Inc., Travis Kalanick, and Ryan Graves, Defendant(s)

## SUMMONS

Uber Technologies, Inc., c/o Registered Agent
National Registered Agents, Inc.
303 Congress Street, 2nd Floor, Boston, MA 02210

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan and Hillary Schwab, Lichten & Liss-Riordan, P.C. and Edward Manchur, Kundsen, Burbridge & Manchur, P.C. plaintiff's attorney, whose address is 100 Cambridge St., 20th Fl, Boston, MA 02114 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the Twentieth day of December, in the year of our Lord two thousand Twelve.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

# Commonwealth of Massachusetts

SUFFOLK, ss.                                   SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               CIVIL ACTION



No. 12-4490

David Lavitman, individually and on behalf of all others similarly situated , Plaintiff(s)

v.

Uber Technologies, Travis Kalanick, and Ryan Graves , Defendant(s)

## SUMMONS

Ryan Graves, Uber Technologies, Inc., 800 Market Street, 7th Floor San Francisco, CA 94102

To the above-named Defendant:

You are hereby summoned and required to serve upon Stephen Churchill, Esq. Lichten & Liss-Riordan, P.C. plaintiff's attorney, whose address is 100 Cambridge St, 20th Fl, Boston, MA 02114 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the __Twentieth__ day of __December__ , in the year of our Lord two thousand __Twelve__ .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ________________ 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_______________________________________________

_______________________________________________

_______________________________________________

Dated ____________________ 201____          ______________________________

N.B. TO PROCESS SERVER. –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| |
|---|
| , 201 |

# Commonwealth of Massachusetts

SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 12-4490

David Lavitman, individually and on
behalf of all others similarly situated,
Plff(s).

v.

Uber Technologies, Inc., Travis
Kalanick and Ryan Graves,
Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

_____ , 201__ .

N.B. TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Dated: _____ , 201__ .

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , 201__ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):



JAMES R. KNUDSEN
DAVID J. BURBRIDGE
EDWARD L. MANCHUR, LL.M.
JAMES M. MOYNIHAN

AMY B. MCLELLAN, J.D., LL.M.
OF COUNSEL

January 9, 2013

Uber Technologies, Inc.
c/o Registered Agent National Registered Agents, Inc.
303 Congress Street, 2nd Floor
Boston, MA 02210

Mr. Travis Kalanick
3800 16th Street
San Francisco, CA 94114-1513

Mr. Ryan Graves
501 Octavia Street, #11
San Francisco, CA 94102-4329

Re:   **Lavitman vs. Uber Technologies Inc. et al**
      **Suffolk Superior Court C.A. #SUCV2012-04490-G**

Gentlemen:

Enclosed for your file please find the Scheduling Order for F Track with respect to the above-referenced civil action.

Very truly yours,

KNUDSEN, BURBRIDGE & MANCHUR, P.C.

Edward L. Manchur

ELM/ek
Enclosure
cc:   Meredith B. Horwitz, Esq. w/enclosure

401 Edgewater Place, Suite 140, Wakefield, MA 01880   (781) 246-3030   Fax (781) 246 – 3050   www.kbmlawfirm.com

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET # SUCV2012-04490-G
Courtroom CtRm 1008, 3 Pemberton Square, Boston

RE: **Lavitman v Uber Technologies Inc et al**
TO:
    Edward L Manchur, Esquire
    Knedsen Burbridge & Manchur
    401 Edgewater Place, Suite 140
    Wakefield, MA 01880

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **10/04/2014**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 03/13/2013 | 03/13/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 04/12/2013 | |
| All motions under MRCP 12, 19, and 20 | 04/12/2013 | 05/12/2013 | 06/11/2013 |
| All motions under MRCP 15 | 04/12/2013 | 05/12/2013 | 06/11/2013 |
| All discovery requests and depositions served and non-expert depositions completed | 10/09/2013 | | |
| All motions under MRCP 56 | 11/08/2013 | 12/08/2013 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/07/2014 |
| Case shall be resolved and judgment shall issue by **10/04/2014** | | | 10/04/2014 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 12/17/2012

Telephone: 617-788-8121

Michael Joseph Donovan
Clerk of the Court

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic     4237088 inidoc01 ruffodel